R. F. A. Grigsby *v.* Ann M. Grigsby, Adm'x.

**Wills—Construction.**

   A construction of a will which harmonizes with the language used
   by the testatrix, and which has the effect of carrying out her con-
   ceptions of justice and equity among her children, will be upheld.

**Wills—Probate—Pleading.**

   An allegation that the will was duly proven and admitted to
   record in the clerk's office of the county clerk, sufficiently alleges the
   probate of the will.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

January 11, 1873.

Opinion by Judge Lindsay:

It is manifest that Mrs. Grigsby intended to dispose of her en-
tire estate, and that after the payment of debts, funeral expenses,
and the specific devise to Mrs. Hinton, she intended the remainder
to go to the five children named in the will. The mere fact that
she used the term "money" is not enough to defeat this evident in-
tention.

She seems to have contemplated that her estate should first be
converted into money (for she devises nothing in kind), the debts,
expenses, and specific devises paid, and then the remainder of such
"money" divided as directed. This construction harmonizes with
the language used by her, and will have the effect of carrying out
her "conceptions of justice and equality among 'her' several chi-
dren." The court below therefore properly adopted it. The objec-
tion that the petition does not sufficiently allege the probate of the
will is not well taken. It is distinctly alleged that the will was
duly proven, and admitted to record in the clerk's office of the Clark
County Court. The rules of pleading do not require that this
statement of facts shall be so punctuated as to make it appear that
the will was proven in the clerk's office, as well as admitted to record
therein. Besides this, appellant by his amended answer of June
21, 1871, in effect admits that some portions of his mother's estate
passed by her will, which could not have been the case unless it
had been properly probated.

Judgment *affirmed.*

*Apperson,* for appellant.

*Turner & Reid,* for appellee.